UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARCO LEONEL PEREZ FLORES,

        Petitioner,

    v.

US ATTORNEY GENERAL et al.,

        Respondents.

26-CV-643-LJV
DECISION & ORDER

---

On April 7, 2025, the pro se petitioner, Marco Leonel Perez Flores, filed his first petition for a writ of habeas corpus in this Court.  *See Perez Flores v. Bondi*, Case No. 25-CV-306, Docket Item 1 (W.D.N.Y. Apr. 7, 2025).  In that petition, Perez Flores argued that his "ongoing detention violate[d] the Due Process Clause of the Fifth Amendment."  *Id.* at 14 (cleaned up).

A short time later, this Court granted the petition in part, finding that Perez Flores was detained under section 1226(c) and that "under the *Mathews* framework, Perez Flores's continued detention absent a bond hearing violate[d] the Due Process Clause." *Perez Flores v. Bondi*, 2025 WL 1921748, at *7 (W.D.N.Y. July 14, 2025).  The Court ordered the government to release Perez Flores unless he received a bond hearing at which "a neutral decisionmaker conduct[ed] an individualized hearing to determine whether Perez Flores's continued detention [wa]s justified."  *Id.* at *8.  At that hearing, "the government [would have] the burden of demonstrating by clear and convincing evidence that Perez Flores's continued detention [wa]s necessary to serve a compelling regulatory purpose, such as minimizing risk of flight or danger to the community."  *Id.* Moreover, in deciding whether to release Perez Flores, the immigration judge was to

consider "whether a less-restrictive alternative to detention would also address the government's interests." *Id.* Perez Flores received a bond hearing, which began on July 22, 2025, and continued on July 24, 2025, *see* Docket Item 1 at 3; *see also* Docket Item 16, but he was denied bond and remains in ICE custody, *see generally* Docket Item 1.

On February 4, 2026, Perez Flores filed a second petition, this time in the District of New Hampshire where he was being held at the time. *Id.* at 1. In that petition, he argued that his July 2025 bond hearing did not provide due process or comply with this Court's prior order. *See id.* at 6. More specifically, he requested his immediate release because his bond hearing was not conducted by a neutral and independent decisionmaker and because he was not given a "timely and meaningful opportunity" to demonstrate why he should not remain in custody. *Id.*

The District of New Hampshire transferred that case to this Court because it found that this Court "will be better suited to determine whether the bond hearing provided the petitioner with the process th[is C]ourt found constitutionally due." *See* Docket Item 5. Consistent with that reading, and because Perez Flores's second petition did not raise new claims but alleged only that his bond hearing did not comport with due process, the Court construed that petition as a motion to enforce this Court's prior order in *Perez Flores*, 2025 WL 1921748, at *8. *See* Docket Item 12. The government responded to Perez Flores's petition, construed as a motion to enforce, on June 1, 2026, and served him by mail on June 2, 2026. *See* Docket Items 13 and 14. Perez Flores replied on July 21, 2026, Docket Item 19, and submitted a supplement on

July 27, 2026, Docket Item 20.  The Court now considers Perez Flores's petition, Docket Item 1, construed as a motion to enforce.

### DISCUSSION

The Court's role in reviewing a motion to enforce "is narrow: it is to determine whether [the r]espondent[s] complied with the [Court's o]rder, not to review the hearing evidence de novo and determine whether [the p]etitioner" should be released.  *See Apollinaire v. Barr*, 2019 WL 4023560, at *3 (W.D.N.Y. Aug. 27, 2019) (italics omitted); *see also Sol v. I.N.S.*, 274 F.3d 648, 651 (2d Cir. 2001) (holding that "federal jurisdiction over [section] 2241 petitions does not extend to review of discretionary determinations by the [immigration judge]").  After carefully reviewing all the parties' submissions and the transcript of Perez Flores's bond hearing, Docket Items 1, 7, 8, 11, 13, 15, 16, 19, and 20, the Court finds that the bond hearing provided due process and complied with this Court's prior order.

First, the bond hearing was timely.  *See* Docket Item 16 (transcript of bond hearing held on July 24, 2025); *Perez Flores*, 2025 WL 1921748, at *8 (ordering that the government provide Perez Flores with a bond hearing within 14 days of July 14, 2025).  Second, Perez Flores's bond hearing was held before a neutral and independent decisionmaker: an immigration judge.  *See* Docket Item 16.

Moreover, the immigration judge applied the proper standard, finding that the Department of Homeland Security "met [its] burden to show by clear and convincing evidence that [Perez Flores] pose[s] a danger to the community as well as a flight risk." *Id.* at 16.  The immigration judge "base[d her] finding [of danger] on [Perez Flores's] criminal history" which included "three criminal interactions in 2004, 2013, and 2015."

3

*Id.* While acknowledging that Perez Flores's most serious conviction—one for sexual abuse—"is now reopened and pending appeal," the immigration judge found that he is a danger because "all [his] criminal charges are serious in nature and two of the three are alleged to be against children." *See id.* at 16-17. And the immigration judge found that notwithstanding the pending appeal, Perez Flores had "acknowledged . . . kiss[ing a minor] on her chest" and that "[t]here was some form of sexual contact." *Id*. at 17. Similarly, the immigration judge found that Perez Flores is a flight risk based on "the record as a whole," including the "warrant for [his] arrest from 2015 to 2022," the fact that he "had to be extradited from Delaware to New York for the sexual assault allegations," and his final order of removal. *Id.* at 18.

Finally, the immigration judge explicitly considered alternatives to detention. *See id.* at 16 ("[T]he Court finds that even with conditions[, Perez Flores] pose[s] a risk of flight as well as a threat to the community."); *see also id.* at 18 ("[T]here is not any amount of bond or any alternatives to detention that could minimize th[e] risk [of flight]."). And while the immigration judge could have given a more detailed explanation for her decision that no alternatives to detention could mitigate the danger and flight risk that release would pose, the Court cannot say based on this record that she did not follow this Court's order to consider them.

## CONCLUSION

For all those reasons, the Court finds that Perez Flores's bond hearing was consistent with this Court's order and due process. Perez Flores's petition, Docket Item 1, construed as a motion to enforce, therefore is DENIED.

4

SO ORDERED.


Dated:  August 4, 2026
        Buffalo, New York



                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE